UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
LIAO ZHUO,                                                          :
                                                                    :
                              Plaintiff,                            :
                                                                    :       **MEMORANDUM & ORDER**
              -against-                                             :       **23-cv-5416 (DLI)**
                                                                    :
ALEJANDRO MAYORKAS, SECRETARY,                                      :
U.S. DEPARTMENT OF HOMELAND SECURITY, :
et al.,                                                             :
                                                                    :
                              Defendants.                           :
-------------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

Liao Zhuo ("Plaintiff") brings this action pursuant to the Mandamus Act, 28 U.S.C. § 1361, the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, against Alejandro Mayorkas, Secretary of the Department of Homeland Security, Ur M. Jaddou, Director of U.S. Citizenship and Immigration Services ("USCIS"), and Patricia A. Menges, Director of the New York Asylum Office (collectively, "Defendants"), alleging that the ongoing failure to adjudicate his asylum application in a timely manner violates the APA. *See*, Complaint ("Compl.") ¶¶ 15–20, Dkt. Entry No. 1. Accordingly, Plaintiff asks the Court to compel Defendants to adjudicate his asylum application.

Defendants moved to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b) for lack of subject matter jurisdiction and failure to state a claim. *See*, Defs.' Mem. in Supp. of Mot. to Dismiss ("Defs.' Mot."), Dkt. Entry No. 6-1. Plaintiff failed to oppose the motion. thus, the Court deemed the motion unopposed after warning Plaintiff it would do so if he failed to RESPOND. *See*, Dec. 19, 2023 & Jan. 31, 2024 Orders. For the reasons set forth below, the motion to dismiss for failure to state a claim is granted.

## BACKGROUND

The INA provides that immigrants may apply for asylum within one year of arriving in the United States.  *See*, 8 U.S.C. § 1158(a).  The timeline for processing asylum applications is governed by § 1158(d)(5) of the INA, which provides, among other things, that "in the absence of exceptional circumstances, final administrative adjudication of the asylum application, not including administrative appeal, shall be completed within 180 days after the date an application is filed."  *Id.* § 1158(d)(5)(iii).  Section 1158(d)(7) of the INA contains a "[n]o private right of action" clause that provides that "[n]othing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person."  *Id.* § 1158(d)(7).

By the end of 1994, the number of asylum applicants exceeded the capacity of the Immigration and Naturalization Service ("INS"), the agency then responsible for adjudicating asylum applications, to adjudicate the majority of applications in accordance with the timelines then in place.  *See*, News Release, INS, Asylum Reform: Five Years Later (Feb. 1, 2000), https://www.uscis.gov/sites/default/files/document/news/Asylum.pdf.[1]  The result was a growth of the pending asylum applications "backlog" to over 400,000.  *Id.*

To address this issue, in 1995, the INS began to process asylum applications on a "Last-In-First-Out" ("LIFO") basis, in which the most recent applications were adjudicated first and

---

[1] In deciding a Rule 12(b)(6) motion, a court may "take judicial notice of documents in the public record, which includes records and reports of administrative bodies."  *See*, *Volpe v. Nassau Cty.*, 915 F. Supp.2d 284, 291 (E.D.N.Y. 2013) (citations omitted); *Ying Li v. City of New York*, 246 F. Supp.3d 578, 596 n.9 (E.D.N.Y. 2017) ("The Court may take judicial notice of the press releases of government agencies." (citation omitted)); *Casio v. Vineyard Vines, LLC*, 2021 WL 466039, at *5 (E.D.N.Y. Feb. 9, 2021) (courts may take judicial notice of information publicly announced on a party's website, but the website's "purposes at the motion-to-dismiss stage are limited in that it can be used only for determining what the documents state and not to prove the truth of their contents." (internal quotation marks omitted)).  In deciding the instant motion, the Court takes judicial notice of an Immigration and Naturalization Service News Release dated February 1, 2000, a USCIS press release, dated January 31, 2018, and the USCIS's response to Representative Gerald E. Connolly dated July 29, 2021.

applications more than 21 days old were processed starting with newer filings and working back toward older filings. *See*, USCIS to Take Action to Address Agency Backlog, Jan. 31, 2018 ("USCIS Announcement"), https://www.uscis.gov/news/news-releases/uscis-take-action-address-asylum-backlog. By 2013, the backlog of asylum applications pending more than six months had decreased to just over 4,200. *See*, USCIS's July 29, 2021 Response to Representative Gerald E. Connolly's July 15, 2021 Letter ("USCIS July 2021 Response"), https://www.uscis.gov/sites /default/files/document/foia/Asylum_Cases_Pending-Representative_Connolly.pdf. The LIFO scheme remained in effect until December 2014, at which time the USCIS reverted to a first-in-first-out ("FIFO") application processing policy. *Id.* Under the FIFO processing scheme, the backlog of pending asylum applications grew significantly, at which point the USCIS reimplemented the LIFO policy. *Id.*

Plaintiff is a citizen of the People's Republic of China. Compl. ¶ 5. Plaintiff submitted his Form I-589 asylum application to the New York City USCIS office on July 31, 2020. *Id.* at ¶ 9. At present, it has been approximately four years since Plaintiff submitted his asylum application. *Id.*

## LEGAL STANDARD

### I.     Federal Rule of Civil Procedure 12(b)(6)

The Court shall analyze Defendants' motion pursuant to Federal Rule of Civil Procedure 12(b)(6). While Defendants assert that Plaintiff's Mandamus Act claims should be analyzed pursuant to Rule 12(b)(1), the Court finds Rule 12(b)(6) more appropriate. *See*, *Yueliang Zhang v. Wolf*, 2020 WL 5878255, at *3–4 (E.D.N.Y. Sept. 30, 2020) (Irizarry, J.) (considering a Mandamus Act claim under Rule 12(b)(6) after finding that the Court had subject matter jurisdiction); *Luo v. United States Citizenship & Immigr. Servs.*, 2023 WL 5672041, at *3

(E.D.N.Y. Sept. 1, 2023) (finding that "the Court has subject matter jurisdiction to consider Plaintiff's mandamus claim" but dismissing the case pursuant to Rule 12(b)(6)). The Mandamus Act provides district courts with "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The presumption favoring judicial review of administrative action is well settled and applied to legislation concerning immigration. *See*, *Kucana v. Holder*, 558 U.S. 233, 251–52 (2010). It is presumed that Congress legislates with this presumption in mind. *Id.* Thus, only clear and convincing evidence can overcome it. *Id.* The Court sees no reason to depart from the presumption here.

Accordingly, to survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard "does not require 'detailed factual allegations,' but it demands more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). In deciding a motion to dismiss pursuant to Rule 12(b)(6), the court accepts as true all well pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009) (citations omitted). Nevertheless, "threadbare recitals of the elements of a cause of action" that are supported by "conclusory" statements and mere speculation are inadequate and subject to dismissal. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted); *See also*, *Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions . . . . Pleadings that are no more than conclusions are not entitled to the assumption of truth.") (internal quotation marks and modifications omitted).

The court's duty "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 113 (2d Cir. 2010).

While the Court generally considers only facts alleged in the complaint or contained in documents attached or incorporated by reference, other facts and documents can "be appropriately considered if [they are those] upon which the complaint solely relies and [are] integral to the complaint." *Lohan v. Perez*, 924 F. Supp.2d 447, 453 (E.D.N.Y. 2013) (modifications, quotations, and internal citation omitted). "The Court may properly consider 'documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.'" *Spinnato v. Unity of Omaha Life Ins. Co.*, 322 F. Supp.3d 377, 399 (E.D.N.Y. 2018) (quoting *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)). In addition, "a court may consider . . . matters of which judicial notice may be taken." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (internal quotation marks omitted).[2]

## DISCUSSION

### I.    Mandamus Act Claim

The Mandamus Act provides that "district courts shall have original jurisdiction of any action . . . to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The requirements for issuance of a writ of mandamus are: "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; and (3) no other adequate remedy available." *Anderson v. Bowen*, 881 F.2d 1, 5 (2d Cir. 1989) (citation omitted).

---

[2] Defendants filed a declaration in support of their motion. *See*, Declaration of John Elliott ("Elliott Declaration"), Dkt. Entry No. 6-2. The Court disregards the Elliot Declaration to the extent that it asserts facts for which judicial notice is inappropriate.

Plaintiff contends that he has a legally enforceable right to have his asylum application adjudicated without undue delay.  Compl. ¶¶ 18–20.  To the extent that Plaintiff is seeking relief based on Defendants' failure to adjudicate his application under the timelines in § 1158(d) of the INA, he has no such right to relief.  The INA provides that "[n]othing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person."  8 U.S.C. 1158(d)(7). "It is beyond serious dispute that mandamus pursuant to § 1361 is unavailable to compel compliance with a statutory obligation when the underlying statute [§ 1158(d)(7)] expressly disclaims a private right of action," as the Mandamus Act gives courts "the power to 'compel an officer or employee of the United States or any agency thereof to perform a duty owed *to the plaintiff*.'"  *Pesantez v. Johnson*, 2015 WL 5475655, at *2 (E.D.N.Y. Sept. 17, 2015) (emphasis in original) (quoting 28 U.S.C. § 1361).

Plaintiff also fails to establish that there is "no other adequate remedy" to address his claims.  *Anderson*, 881 F.2d at 5.  Courts repeatedly have held that the availability of alternative remedies under the APA defeats Mandamus Act claims, even where the plaintiff's APA claims fail.  *Luo*, 2023 WL 5672041 at *3 (dismissing Mandamus Act claim because plaintiff "has an adequate alternative remedy under the APA . . . even though . . . Plaintiff's APA claim [] fails on the merits"); *Fangfang Xu v. Cissna*, 434 F. Supp.3d 43, 56 (S.D.N.Y. 2020) (dismissing Mandamus Act claim where "an alternative adequate remedy would be possible under the APA," even though the APA claim failed).  Accordingly, Plaintiff fails to state a claim for relief pursuant to the Mandamus Act.

## II.    APA Claim

The APA provides a cause of action where agency action is "unreasonably delayed."  *See*,

5 U.S.C. § 555(b) ("[W]ithin a reasonable time, each agency shall proceed to conclude a matter presented to it."); *Id.* § 706(1) (courts shall "compel agency action unlawfully withheld or unreasonably delayed"). "In cases where the petition is seeking to compel action by immigration authorities, courts utilize the six-factor test articulated in *Telecommunications Research & Action v. F.C.C.*, 750 F.2d 70, 79 (D.C. Cir. 1984) ('*TRAC*') to determine whether relief under the APA is warranted." *Zhang*, 2020 WL 5878255 at *4 (quoting *Hoo Loo v. Ridge*, 2007 WL 813000, at *4 (E.D.N.Y. Mar. 14, 2007) (Irizarry, J.)). "The *TRAC* factors are:

> (1) the time agencies take to make decisions must be governed by a 'rule of reason;' (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for the rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed.'"

*Id.* at *4 (quoting *Hoo Loo*, 2007 WL 813000, at *4 n.4 (quotation marks and citation omitted)). "Resolution of a claim of unreasonable delay is ordinarily a complicated and nuanced task requiring consideration of the particular facts and circumstances before the court." *Ruan v. Wolf*, 2020 WL 639127 at *5 (E.D.N.Y. Feb. 11, 2020) (citation omitted).

Regarding the first *TRAC* factor, this Court and several others in the Second Circuit have found that the LIFO process constitutes a "rule of reason." *See*, *Zhang*, 2020 WL 5878255 at *4–5 (finding that LIFO is an "effective approach to stem the growth of [USCIS's] backlog" and is "governed by a 'rule of reason'" (internal quotation marks and citation omitted)); *Luo*, 2023 WL 5672041 at *4 (observing that multiple courts in the Second Circuit have "held that Defendant's decision to adjudicate asylum applications on a LIFO basis . . . is an appropriate 'rule of reason'");

*Xu*, 434 F. Supp.3d at 53 ("[T]he Court finds that the LIFO rule constitutes a rule of reason that satisfies the first TRAC factor."); *Cf. Liu v. Wolf*, 2020 WL 2836426, at *8 (S.D.N.Y. May 30, 2020) ("[T]his Court cannot find that the LIFO policy does not constitute a 'rule of reason.'").

Moreover, courts have found that similar and even longer adjudication delays were not unreasonable under the APA.  *See*, *Zhang*, 2020 WL 5878255 at *2 (delay of more than four years not unreasonable); *Xiaoling Hu v. Sessions*, 2020 WL 7486681, at *1 (E.D.N.Y. Dec. 17, 2020) (five-year delay not unreasonable); *Saleh v. Ridge*, 367 F. Supp.2d 508, 513 (S.D.N.Y. 2005) (delay of nearly five years not unreasonable); *De Oliveira v. Barr*, 2020 WL 1941231, at *2, 4 (E.D.N.Y. Apr. 22, 2020) (delay of more than four years not unreasonable).  In any event, this Court has held that "evidence of the passage of time cannot, standing alone, support a claim of unreasonable delay." *Zhang*, 2020 WL 5878255 at *5 (quoting *Hoo Loo*, 2007 WL 813000 at *4). Moreover, Plaintiff has not alleged that the delay was caused by any impropriety.  *Mu v. United States Citizenship & Immigr. Servs.*, 2023 WL 4687077, at *4 (E.D.N.Y. July 22, 2023) ("Plaintiff's complaint and pre-motion letter have not alleged any other potential cause for the delayed decision on Plaintiff's application . . . so the Court declines to infer any impropriety associated with the delay.").  Accordingly, these precedents, and the record of which the Court takes judicial notice, support a finding that the adjudication of asylum applications pursuant to LIFO is governed by a "rule of reason."

The second *TRAC* factor also weighs in Defendants' favor.  "[W]here Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for the rule of reason." *Zhang*, 2020 WL 5878255 at *5 (citing *Hoo Loo*, 2007 WL 813000 at *4 n. 4).  Congress has supplied an indication of the speed with which it expects the agency to act in 8 U.S.C § 1158(d)(5)(iii), that is,

within 180 days of the date an application is filed "absen[t] exceptional circumstances." The qualifying phrase "absen[t] exceptional circumstances" suggests that Congress intended that the timeline not apply while the USCIS is dealing with an exceptional level of asylum applicants. *See*, *Zhang*, 2020 WL 5878255 at *5. Furthermore, the bar to a private right of action set forth in § 1158(d)(7), which applies to "this subsection," supplies additional evidence of Congress' intent that the timeline is not mandatory. *Id.*; *See also*, *Luo*, 2023 WL 5672041, at *4. Accordingly, the existence of the 180-day timeline in § 1158(d)(5)(iii) does not render the LIFO policy unreasonable. For the reasons discussed above, the Court finds that, under the present circumstances, the first and second *TRAC* factors support Defendants' position that the adjudication of asylum applications pursuant to LIFO is a rule of reason.

The third and fifth *TRAC* factors concern the impact to human health and welfare, and the nature and extent of the interests prejudiced by the delay. *See*, *Zhang*, 2020 WL 5878255 at *5 (citing *Hoo Loo*, 2007 WL 813000, at *4 n. 4). Plaintiff has not articulated any health or welfare impact resulting from the agency's delay. This omission is particularly notable in light of "competing priorities," such as "whether compelling the agency to focus its attention on one case would force it to shift resources away from equally deserving applicants." *Li v. Chertoff*, 2007 WL 4326784 at *6 (S.D.N.Y. Dec. 7, 2007). Plaintiff has not provided any basis for the Court to compel the USCIS to adjudicate his asylum application before those that have been waiting as long or longer. Any prejudice resulting from waiting for approval is "inherent in the asylum application process." *Zhang*, 2020 WL 5878255 at *5 (quoting *Xu*, 434 F. Supp.3d at 54). Accordingly, Plaintiff has failed to allege plausibly that the third and fifth *TRAC* factors weigh in his favor.

Finally, the fourth *TRAC* factor provides that "the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority." *Id.* at *6 (quoting

*Hoo Loo*, 2007 WL 813000, at *4 n. 4).  As discussed above, numerous courts have found that similar delays are not unreasonable.  *Id.* at *2, 5; *Hu*, 2020 WL 7486681 at *3; *Saleh*, 367 F. Supp.2d at 513; *De Oliveira*, 2020 WL 1941231 at *4.  Even if the delay were longer, Plaintiff does not explain why he should have priority over all other asylum applicants.  Granting his request simply would "put[] [him] at the head of the queue [while] . . . mov[ing] all others back one space and produce no net gain."  *Zhang*, 2020 WL 5878255 at *6; *Luo*, 2023 WL 5672041 at *4.  This factor is dispositive of Plaintiff's APA claims.  *Sunny v. Biden*, 2023 WL 5613433, at *3 (E.D.N.Y. Aug. 30, 2023) (explaining that the fourth *TRAC* factor is dispositive and noting that "expedition of plaintiffs' visa applications would delay the visa applications of other applicants in the same position as plaintiffs").

While "at some point, defendants' failure to take any action runs afoul of section 555(b)," that is not the case here.  *See*, *Kim v. Ashcroft*, 340 F. Supp. 2d 384, 393 (S.D.N.Y. 2004).  Plaintiff has failed to state a claim for relief pursuant to the APA.[3]

## III.  Declaratory Judgment Act Claim

Finally, Plaintiff seeks a declaration that Defendants "have a duty to complete processing of Petitioner's Form I-589, Application for Asylum in a prompt manner without further unreasonably[sic] delay."  Compl. at 4.  However, some basis must exist in another claim to accompany a declaratory judgment.  *See*, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Karp*, 108 F.3d 17, 21 (2d Cir. 1997) ("The [Declaratory Judgment Act] is procedural in nature, and merely

---

[3] Plaintiff's suggestion that the USCIS is subject to the deadlines in 8 C.F.R. §103.2 (b)(18) is baseless.  *See*, Compl. ¶ 17.  That rule provides deadlines in connection with "benefit request[s]" in which an "investigation has been undertaken involving a matter relating to eligibility or the exercise of discretion." 8 C.F.R. §103.2 (b)(18).  However, Plaintiff "does not allege he is the subject of any such investigation or explain why USCIS would apply this regulation to his case." *Aydemir v. Garland*, 2022 WL 4085846, at *4 (S.D.N.Y. Sept. 6, 2022) (citing *Beshir v. Holder*, 10 F. Supp.3d 165, 177 (D.D.C. 2014) (rule does not apply where neither party "alleged that there is an ongoing criminal investigation or that confidential informants, witnesses, or undercover agents are in any way involved")).

offers an *additional remedy* . . . in *any* 'case of actual controversy' . . . provided that the claim for declaratory relief is pleaded in accordance with Rules 8 and 10 of the Federal Rules of Civil Procedure.").  As the Court finds that Plaintiff has failed to state a claim upon which relief can be granted as to his other claims, Plaintiff's request for a declaratory judgment must fail.

## **<u>CONCLUSION</u>**

For the reasons set forth above, Defendants' motion to dismiss this action is granted for failure to state a claim.

SO ORDERED.

Dated: Brooklyn, New York
           September 26, 2024

_____
            /s/
            DORA L. IRIZARRY
            United States District Judge

11